IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2008 JAN 17 AM 11: 2

CLERK
S. DIST. OF GA.

ROBERT KEITH ABEL,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV207-088

HARLEY LAPPIN, Director, Federal
Bureau of Prisons; HARRELL WATTS,
Administrator of National Inmate
Appeals; BETHZADIA H. RICOFF,
Regional Medical Director and Clinical
Specialty Consultant; NEWTON
KENDIG, Medical Director, BOP;
MIKE NELSON, Chief, Health Programs
Branch; JOYCE YOUNG, Health
Programs Branch; R. E. HOLT,
Regional Director, Southeast Region;
LISA SUNDERMAN, Regional Counsel,
Southeast Region; LILLIAN JIMENEZ,
Health Services Administrator, Southeast
Region; ROBERT E. McFADDEN,
former Warden, FCI Jesup; JOSE
M. VAZQUEZ, current Warden, FCI
Jesup; Dr. LOUIS BURGOS, former
Clinical Director, FCI Jesup; M. CHIPPI,
current or former Clinical Director, FCI
Jesup; THOMAS ELLIS, former Health
Services Administrator, FCI Jesup;
FNU SHAW, Unit Manager, FCI Jesup;
FNU WHEELER, Unit Case Manager,
FCI Jesup; R. SUMNER, Unit Counselor,
FCI Jesup; FNU PETTIFORD, former or
current Warden, FCI Bennettsville; D.
BUCHANAN, former or current Executive
Assistant, FCI Bennettsville; L. BERRIOS,
Clinical Director, FCI Bennettsville; FNU
JUMP, Assistant Health Services
Administrator, FCI Bennettsville;
JEFFREY ALLEN, and JOHN DOE 1
through 10; JANE DOE, 1 through 10,

all being former or current employees of
BOP, Public Health Services of United
States, or contract providers and/or
employees,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the United States Penitentiary in Atlanta, Georgia, has filed an action, as amended[1], pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), contesting the conditions of his confinement while he was incarcerated at the Federal Correctional Facility in Jesup, Georgia ("FCI Jesup"). A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

---

[1] Based on the undersigned's review of Plaintiff's Amended Complaint, it appears Plaintiff wishes for his Amended Complaint to take the place of his original Complaint. This Order is based on that understanding.

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a pro se litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff seeks to name Defendants in their official capacities. A lawsuit against prison officials in their official capacities is no different from a suit against the government itself; such defendants are immune. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). To the extent Plaintiff wishes to pursue his claims against Defendants Burgos, Ellis, Chippi, Shaw, Wheeler, Sumner, McFadden, Vasquez, Lappin, Watts, Ricoff, Kendig, Nelson, Allen, Young, Holt, Sunderman, and Jimenez in their official capacities, these claims should be dismissed.

Plaintiff requests, as injunctive relief, to: be transferred to an institution in Florida; receive medical treatment immediately; and have necessary aftercare for his condition. To be entitled to an injunction, the movant must show: (1) a substantial likelihood of

ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001). Plaintiff has failed to show there is a substantial likelihood that he could prevail on the merits of his Complaint. Plaintiff has not met his burden of persuasion to obtain injunctive relief, and his request for injunctive relief should be denied.

Plaintiff asserts, in response to this Court's Order directing him to inform the Court as to which related claims he wished to pursue in this cause of action, that he would like to dismiss Defendants Pettiford, Buchanan, Berrios, Jump, John Does 1-10, and Jane Does 1-10. Plaintiff's claims against these Defendants should be dismissed. Should Plaintiff wish to pursue claims against these Defendants, he may do so by filing a separate cause of action against these Defendants in the appropriate district court.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Burgos, Ellis, Chippi, Shaw, Wheeler, Sumner, McFadden, Vasquez, Lappin, Watts, Ricoff, Kendig, Nelson, Allen, Young, Holt, Sunderman, and Jimenez in their official capacities be **DISMISSED**. It is also my **RECOMMENDATION**

AO 72A
(Rev. 8/82)

4

that Plaintiff's request for injunctive relief be **DENIED**. Plaintiff's claims against Defendants Pettiford, Buchanan, Berrios, Jump, John Does 1-10, and Jane Does 1-10 should be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 17th day of January, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)